Filed 3/19/26  P. v. Loza CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B343313 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA106952) |
| v. | |
| JULIANA LOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed.

Mher Cholakhyan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Juliana Loza appeals from the denial of her Penal Code section 1018 motion to withdraw a no-contest plea. (Further statutory references are to the Penal Code unless otherwise indicated.) Loza, who claims she lacked information about the immigration consequences of her plea, contends the superior court abused its discretion by incorporating an unwarranted prejudice standard into its analysis and by improperly weighing the totality of the circumstances surrounding her plea. As the superior court acted within its discretion, we affirm.

## BACKGROUND

### 1. The Plea

In November 2023, Loza, then represented by private counsel, pleaded no contest to assault with a firearm in violation of section 245, subdivision (a)(2), without the benefit of a plea bargain. In a colloquy we will discuss further below, the superior court advised Loza she would, based on the nature of the forthcoming conviction, be deported if she was not a United States citizen. The court also told Loza it would not sentence her to longer than 365 days in custody and probation if she provided certain mitigation evidence at sentencing.

### 2. The Section 1018 Motion to Withdraw the Plea

In April 2024, Loza announced she wished to withdraw her plea. The superior court appointed the public defender to represent her for that purpose. Loza's motion to withdraw, invoking section 1018, argued she was not a United States citizen, her counsel had not advised her of the immigration consequences of her plea, and she would not have pleaded had she been advised of those consequences. The motion included declarations from Loza's prior attorneys stating they did not discuss immigration consequences with Loza.

2

The court held an evidentiary hearing. Loza testified to her international upbringing, the various countries she had lived in after age 18, and her work as a Mexican lawyer and diplomat. Due to her work and citizenship, Loza had possessed both a Mexican diplomatic and standard passport, though she relinquished the former in 2017 and the latter had expired.

Loza had lived in the United States "most of the time" since 2008. In 2015, she began the process of applying for residency with the assistance of immigration counsel. At that time, she and her then-husband were unsure whether they would live in the United States or elsewhere, since she had property in Spain, France, and Australia, and had sold property in London and Mexico. Work on her application "fell through the cracks," though, after her husband became ill and passed away and as the COVID-19 pandemic took hold. She had not talked to her immigration counsel since 2020, after her husband's passing.

Loza testified deportation "would be an incredible hardship" because she was still sorting out her late husband's estate and she feared the cartel in Mexico. She would not have pleaded guilty had she known it would compromise her legal status in the United States.

Several weeks after this evidentiary presentation, the court heard argument from counsel and denied Loza's motion. The court determined Loza had not established prejudice—that is, she had not met her burden to show she would have declined to plea had she been better informed—and, "in addition," the court determined Loza had "not shown good cause" to withdraw her plea. It cited her minimal ties to the United States, her failure to make significant progress in seeking legal status, her expressed understanding of the immigration consequences at her change of

3

plea, the strength of the prosecution's case, and the prosecutor's indication he would not have offered an immigration safe plea. The court also found Loza had not been a credible witness.

### 3. Sentence and Appeal

The superior court sentenced Loza to two years of formal felony probation and 365 days in county jail. Loza received a certificate of probable cause and timely appeals the denial of her withdrawal motion. (See § 1237.5; Cal. Rules of Court, rule 8.304(b)(1).)

### DISCUSSION

A court "may . . . permit" withdrawal of a guilty or no contest plea for "good cause shown" at any point before judgment. (§ 1018; see also § 1016 [no contest and guilty pleas given same legal effect].) "Good cause" includes mistake, ignorance, or any other factor that overcomes the exercise of free judgment, and a defendant must establish "good cause" by clear and convincing evidence. (*People v. Patterson* (2017) 2 Cal.5th 885, 894 (*Patterson*).) "[A] court asked to set aside a guilty plea based on mistake or ignorance of the deportation consequences is 'properly vested with discretion to grant or to deny the motion after considering all factors necessary to bring about a just result.' " (*Id.* at p. 899.) We, in turn, review a superior court's decision for abuse of discretion, which may occur if the decision was based on a legal error. (*Id.* at p. 894; *People v. Codinha* (2021) 71 Cal.App.5th 1047, 1070 [same].) Legal error aside, we do not reweigh evidence or reassess a witness's credibility; instead, we "accept the trial court's factual findings to the extent they are supported by substantial evidence." (*People v. Lopez* (2021) 66 Cal.App.5th 561, 574 (*Lopez*).) There is no abuse of discretion unless the court exercises its "discretion in an arbitrary,

4

capricious or patently absurd manner resulting in a manifest miscarriage of justice." (*People v. Shaw* (1998) 64 Cal.App.4th 492, 496; *People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1097 (*Nocelotl*).)

## I.    The Superior Court Did Not Apply the Wrong Legal Standard.

Loza contends the superior court committed legal error when it made its no-prejudice finding—a finding, in essence, that Loza would still have pleaded even had she understood the potential adverse immigration consequences—rather than rely on the absence of "good cause."

Initially, we note Loza's motion explicitly invoked a prejudice test. It stated, "[t]o obtain reversal of the conviction, prejudice must be shown, i.e. a reasonable probability that the client would not have entered this plea if the client had been told the truth about its immigration consequences." Overlooking possible invited error or forfeiture, however, as the People have not argued these matters, the superior court did not commit legal error.

The court's no-prejudice finding was "in addition" to its finding of no good cause. Aside, then, from any potentially problematic no-prejudice finding, the court applied the good cause test of section 1018, and the presumption is it did so properly. (Evid. Code, § 664.) In any event, the court could, when considering good cause under section 1018, consider the materiality of the information withheld and whether it resulted in "a guilty plea [defendant] would not otherwise have entered." (*Patterson*, *supra*, 2 Cal.5th at p. 897.) In fact, our Supreme Court has described a section 1018 motion, brought under circumstances like those presented here, as a post-plea "claim

5

that the defendant would not have entered the plea had he or she understood the plea would render the defendant deportable."[1] (*Id.* at p. 899.) And appellate courts have looked to such a prejudice inquiry when reviewing motions under section 1018. (E.g., *Lopez*, *supra*, 66 Cal.App.5th at p. 581 [prejudice established]; *People v. Dillard* (2017) 8 Cal.App.5th 657, 665 [prejudice not established]; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416 [prejudice required].)

The superior court, here, did not apply an erroneous legal standard.

## II. Denying the Section 1018 Motion Was Within the Superior Court's Discretion.

Nor did the superior court abuse its discretion in applying section 1018. It is undisputed that Loza is not a United States citizen, that her counsel did not advise her of the immigration consequences of her plea, and that a conviction for assault with a firearm can carry adverse immigration consequences. (See *People v. Carrillo* (2024) 101 Cal.App.5th 1, 14–15 [noncitizen convicted of assault with a firearm and sentenced to at least a year in prison "conclusively presumed deportable"].) Contrary to Loza's contention, however, these facts did not compel the superior court to grant her motion. Rather, the decision whether to grant or deny a section 1018 motion lies within the superior court's discretion after considering all relevant factors. (*People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 798.) "We would not necessarily conclude that a court abused its discretion if it either

---

[1] Loza asserts that *Patterson* reserved a prejudice analysis exclusively for habeas claims for ineffective assistance of counsel. But *Patterson* discussed prejudice in both contexts. (*Patterson*, *supra*, 2 Cal.5th at pp. 898–899, 900.)

granted or denied a motion to set aside a plea of guilty on evidence that an accused was or was not aware of the possibility of deportation; the test of abuse in such circumstances is whether after consideration of all relevant factors there was good cause shown for granting the motion and whether justice would be promoted thereby." (*Ibid.*; see also *Patterson, supra,* 2 Cal.5th at p. 899.)

Loza essentially argues the superior court improperly weighed her testimony and disregarded matters favorable to plea withdrawal. Nothing in the record, however, suggests the court failed to consider all relevant evidence, and we cannot reweigh evidence under an abuse of discretion review. (*Lopez, supra,* 66 Cal.App.5th at p. 574.) Rather, substantial evidence supports the court's findings, and its ultimate rejection of good cause was within its discretion.

First, substantial evidence supports the trial court's finding that Loza understood the court's immigration advisement at the change of plea hearing. During the plea colloquy, this transpired:

> "The Court: You also understand that if you're not a citizen of the United States, you'll be deported, denied naturalization, amnesty and re-entry and excluded from admission to the United States or removed, based on this conviction and the laws of the United States? Do you understand? Do you want me to repeat it?
>
> Ms. Loza: No. I understand it. I don't agree with it, but I understand.
>
> The Court: In terms of the immigration consequences?
>
> Ms. Loza: Yes.

7

The Court:  A lot of people don't agree with it.  I just have to make sure you understand it.

Ms. Loza:  My understanding was that it has to do with the violence of the crime, not necessarily just any crime.

The Court:  I just need to read you the immigration consequences.

Ms. Loza:  That's fine.  That's fine.  I understand."[2]

The court's admonition advised Loza that her plea would result in deportation, and Loza, an attorney who had been trained in Mexico and a former diplomat, indicated her understanding.  It is relevant "whether the defendant acknowledged understanding the advisement and whether he or she expressed concerns about possible deportation consequences or sought additional time to consult with counsel."  (*Patterson*, *supra*, 2 Cal.5th at p. 899.)  "It is not enough that a defendant assert that she has changed her mind as to the most expeditious course to follow."  (*In re Brown* (1973) 9 Cal.3d 679, 686, superseded on other grounds as noted in *People v. Mendez* (1999) 19 Cal.4th 1084, 1103–1104; accord *People v. Archer* (2014) 230 Cal.App.4th 693, 702.)

Second, substantial evidence supports the superior court's finding that Loza had minimal ties to the United States.  Loza testified she had property in Spain, France, and Australia and had lived abroad at numerous points in her life.  Further, she was a sophisticated, trained attorney who had entered the United States as a Mexican diplomat.  She never applied for residency

---

[2]  The reporter's transcript attributes this final response to the prosecutor.  The People contend Loza made this statement, and Loza does not challenge that reasonable contention.

despite having consulted attorneys to start the process a decade ago.

Third, substantial evidence supports the superior court's finding that the prosecution would not have offered an immigration-neutral plea. No such offer appears in the record. Meanwhile, the prosecutor stated he would not have made such an offer, nor would he in the future, given the seriousness of the charge, and Loza originally pleaded without the benefit of *any* plea agreement.

Relatedly, and fourth, substantial evidence supports the court's finding regarding the strength of the prosecution's case. The 79-year-old victim testified at the preliminary hearing, which formed the factual basis for Loza's plea. The victim was the former wife of Loza's late husband. Loza came to the victim's home and attacked her. The victim fell, and Loza strangled her, pointed a firearm at her, and threatened to kill her. When the victim tried to call for help, Loza took the victim's cellphone and shot it five times. The prosecutor advised, without objection from the defense, that third-party witnesses saw the attack and that when one of them called 911, the recording captured the sound of multiple gunshots.

We also decline Loza's request that we reassess the superior court's detailed adverse credibility finding against Loza and its resulting decision to disregard portions of her testimony that might have supported withdrawal. The court premised its credibility finding not only on its observation of Loza as a witness, but also on its dealings with Loza throughout the case and documents the prosecution provided indicating Loza provided false identification to law enforcement after a traffic accident. The superior court was not required to turn a blind eye to its

9

dealings with Loza and was free to reject her testimony that she would not have pleaded had she known of the immigration consequences or that she had greater ties to the United States. (See *People v. Vivar* (2021) 11 Cal.5th 510, 527 ["An appellate court may not simply second-guess factual findings that are based on the trial court's own observations"]; *People v. Ravaux* (2006) 142 Cal.App.4th 914, 918 ["The court may also take into account the defendant's credibility and [her] interest in the outcome of the proceedings"].) Nor has Loza provided any legal support for her claim that the court's credibility finding was based on an irrelevant, collateral issue it was foreclosed from considering.

Looking at the entirety of the record, the superior court's conclusion that Loza had not established good cause by clear and convincing evidence was within its discretion and "not arbitrary, whimsical, or capricious." (*Nocelotl*, *supra*, 211 Cal.App.4th at p. 1097.) The findings the court made were supported and permitted its conclusion, pursuant to the good-cause standard, that any mistake or ignorance of adverse immigration consequences had not overcome Loza's free will when she pleaded. (*Patterson*, *supra*, 2 Cal.5th at p. 894.)

## DISPOSITION

The judgment is affirmed.

SCHERB, J.

We Concur:

WILEY, Acting P. J.          VIRAMONTES, J.

10